IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | Case No. CIV-11-1505-HE |
| (1) JOHN ZONDOR, (2) THE ESTATE OF CRYSTAL RACHELLE ZONDOR, (3) MCMAHANS FUNERAL HOME, (4) JOYCE GIBSON, (5) APRIL MURRAY, and (6) EDDIE GIBSON | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT IN INTERPLEADER

COMES NOW Plaintiff Metropolitan Life Insurance Company ("MetLife"), by and through its attorneys, and for its Complaint in Interpleader states:

## PARTIES

1.    Interpleader Plaintiff MetLife is a corporation organized under the laws of the State of New York, with its principal place of business in New York. It is duly licensed to do business in the State of Oklahoma.

2.    Upon information and belief, defendant John Zondor is the surviving spouse of Crystal Rachelle Zondor (the "Decedent"), and he resides in Moore, Oklahoma.

{971800;}

3.   Upon information and belief, defendant McMahans Funeral Home is located in Noble, Oklahoma.

4.   Upon information and belief, defendant Joyce Gibson is the surviving mother of the Decedent and she resides Noble, Oklahoma.

5.   Upon information and belief, defendant April Murray is the surviving sister of the Decedent and she resides in Norman, Oklahoma.

6.   Upon information and belief, defendant Eddie Gibson is the surviving brother of the Decedent and he resides in Norman, Oklahoma.

7.   Upon information and belief, defendant The Estate of Crystal Rachelle Zondor would be opened in Moore, Oklahoma.

## JURISDICTION AND VENUE

8.   This Court has original jurisdiction over this action pursuant to 29 U.S.C § 1132(e)(1) and 28 U.S.C. §1331, because the action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.* Further, this is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure.

9.   Venue is proper pursuant to 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391(b), because a defendant resides in this district and a substantial part of the events giving rise to this action occurred in this district.

{971800;}

## CAUSE OF ACTION IN INTERPLEADER

10.    The Decedent had dependent life insurance coverage through John Zondor who is an employee of Dell, Inc. and a participant in the Dell Inc. Comprehensive Welfare Benefits Plan (the "Plan"), an ERISA-regulated employee welfare benefit plan sponsored by Dell, Inc., and funded by a group life insurance policy issued by MetLife.

11.    MetLife, as claim fiduciary, must administer claims in accordance with ERISA and the documents and instruments governing the Plan.

12.    ERISA defines a beneficiary as "[a] person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

13.    The Plan's Summary Plan Description ("SPD") establishes, at page 179, that the "[participant is] automatically the beneficiary of the [dependent life insurance] for [the participant's] spouse/domestic partner..." A true and correct copy of page 179 of the SPD is attached hereto as Exhibit "1."

14.    The Decedent died on or about May 17, 2011.  A true and correct copy of the Decedent's death certificate is attached hereto as Exhibit "2."

15.    At the time of her death, the Decedent was enrolled under the Plan for dependent life insurance coverage in the total amount of ONE HUNDRED ELEVEN THOUSAND DOLLARS ($111,000) (the "Plan Benefits").  The Plan Benefits became

{971800;}

3

payable to the proper beneficiary or beneficiaries upon the Decedent's death, pursuant to the terms of the Plan.

16.     On May 20, 2011, John Zondor executed a funeral home assignment for $8,516.11 at the McMahans Funeral Home. A true and correct copy of the May 20, 2011, funeral home assignment is attached hereto as Exhibit "3."

17.     On June 7, 2011, John Zondor completed a statement of claim for the Plan Benefits. A true and correct copy of John Zondor's statement of claim is attached hereto as Exhibit "4."

18.     The Decedent's death certificate states that she died due to gunshot wounds to the head. See Ex. 2.

19.     The Oklahoma City Police Department states that the Decedent's body was found at a trailer home. MetLife was informed by Sergeant Veasey of the Oklahoma City Police Department that John Zondor has not been ruled out as a suspect.

20.     MetLife cannot determine whether a court would find that John Zondor is disqualified from receiving the Plan Benefits based on federal common law.

21.     If a court were to determine that John Zondor is not disqualified from receiving the Plan Benefits, then the Plan Benefits would be payable to John Zondor, pursuant to the terms of the Plan. If the Plan Benefits are payable to John Zondor, such benefits would be subject to the McMahans Funeral Home assignment.

{971800;}

4

22.     If a court were to determine that John Zondor is disqualified from receiving the Plan Benefits based on federal common law, then the Plan Benefits would be payable to the Estate of Crystal Rachelle Zondor, Joyce Gibson, and/or April Murray, as the Plan does not designate a beneficiary when the Plan participant is disqualified from receiving dependent life insurance benefits.  Upon information and belief, the Decedent did not have any surviving children.

23.     MetLife cannot determine the proper beneficiary or beneficiaries of the Plan Benefits at issue without risking exposure of itself, the Plan, and Dell, Inc. to double liability.

24.     As a mere stakeholder, MetLife claims no interest in the Plan Benefits (except to recover its attorney's fees and costs of this action).   MetLife therefore respectfully requests that this Court determine to whom said Plan Benefits should be paid.

25.     MetLife is ready, willing and able to pay the Plan Benefits, in accordance with the terms of the Plan, in such amounts and to whichever Defendant or Defendants the Court shall designate.

26.     MetLife will deposit into the Registry of the Court the Plan Benefits, plus any applicable interest due and owing under the terms of the Plan, for disbursement in accordance with the Judgment of this Court.

WHEREFORE, MetLife prays for judgment as follows:

(i)      Restraining and enjoining the Defendants by Order and Injunction of this Court from instituting any action or proceeding in any state or United States

{971800;}

court against MetLife, Dell, Inc. and/or the Plan for the recovery of the Plan Benefits, plus any applicable interest, by reason of the death of the Decedent;

(ii)    Requiring that Defendants litigate or settle and agree between themselves their claims for the Plan Benefits, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the Plan Benefits, plus any applicable interest, should be paid;

(iii)   Permitting MetLife to pay into the Registry of the Court the Plan Benefits, plus any applicable interest;

(iv)   Dismissing MetLife with prejudice from this action and discharging MetLife, Dell, Inc., and the Plan from any further liability upon payment of the Plan Benefits, plus any applicable interest, into the Registry of this Court, or as otherwise directed by this Court;

(v)    Awarding MetLife its costs and attorney's fees; and

(vi)   Awarding MetLife such other and further relief as this Court deems just equitable and proper.

Dated: December 28, 2011

Respectfully submitted,

By:    s/ Erin K. Dailey
       Lisa Traylor Silvestri, OBA No. 19239
       Erin K. Dailey, OBA No. 20189
       1100 ONEOK Plaza
       100 West 5th Street
       Tulsa, OK  74103-4217 USA

       Attorneys for Plaintiff, Metropolitan Life
       Insurance Company

{971800;}

6