### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1)   METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | No. CIV-11-1505-HE |
| (1)   JOHN ZONDOR, <br> (2)   THE ESTATE OF CRYSTAL RACHELL ZONDOR, <br> (3)   MCMAHANS FUNERAL HOME, <br> (4)   JOYCE GIBSON, <br> (5)   APRIL MURRAY, and <br> (6)   EDDIE GIBSON | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ANSWER

Defendants, Joyce Gibson, April Murray and Eddie Gibson, hereby answer Plaintiff's Complaint by numerical paragraph as follows:

## PARTIES

1. Admitted based upon information and belief.

2. It is admitted John Zondor is the surviving spouse although he had filed for divorce prior to Crystal's murder.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

1

7. Defendants are without sufficient information to either admit or deny the allegations of this paragraph.

## JURISDICTION AND VENUE

8. Admitted based upon information and belief.

9. Admitted based upon information and belief.

## CAUSE OF ACTION IN INTERPLEADER

10. Admitted based upon information and belief.

11. Admitted based upon information and belief.

12. Admitted based upon information and belief.

13. Admitted based upon information and belief.

14. Admitted based upon information and belief.

15. Admitted based upon information and belief.

16. Admitted based upon information and belief.

17. Admitted based upon information and belief.

18. Admitted based upon information and belief.

19. Admitted based upon information and belief.

20. Admitted based upon information and belief.

21. Admitted based upon information and belief.

22. At the time of her death, Crystal Zondor had three (3) biological children. Her maternal rights to each, however, had been terminated by the Department of Human Services and each had been legally adopted. The remaining allegation of this paragraph are admitted based upon information and belief.

23. Admitted based upon information and belief.

24. This paragraph merely requests the court to determine entitlement to the insurance proceeds and thus requires no admission or denial. Defendants Joyce Gibson, April Murray and Eddie Gibson assert an interest in the proceeds since John Zondor is not qualified to receive them.

25. This paragraph merely recites MetLife's willingness to tender the insurance proceeds and thus requires no admission or denial. Defendants Joyce Gibson, April Murray and Eddie Gibson assert an interest in the proceeds since John Zondor is not qualified to receive them.

26. This paragraph merely states MetLife's willingness to deposit the insurance proceeds into the Registry of the Court and thus requires no admission or denial. Defendants Joyce Gibson, April Murray and Eddie Gibson assert an interest in the proceeds since John Zondor is not qualified to receive them.

WHEREFORE, Defendants, Joyce Gibson, April Murray and Eddie Gibson, request that the Court determine John Zondor is not qualified to accept the life insurance proceeds and that the money instead be distributed in equal shares to each of them.

**LAW OFFICES OF MARK S. COOPER, P.C.**

_____/s/ Mark S. Cooper_____
MARK S. COOPER, OBA# 12614
225 N. Peters Suite 8
Norman, Oklahoma 73069
(405) 292-7600 Telephone
(405) 366-7657 Facsimile
cooperlaw@coxinet.net

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of February, 2012, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Lisa Traylor Silvestri
Erin K. Dailey
1100 ONEOK Plaza
100 West 5th Street
Tulsa, OK 74103-4217

____/s/ Mark S. Cooper_____
MARK S. COOPER