**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1)   METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. CIV-11-1505-HE |
| (1)   JOHN ZONDOR, <br> (2)   THE ESTATE OF CRYSTAL RACHELL ZONDOR, <br> (3)   MCMAHANS FUNERAL HOME, <br> (4)   JOYCE GIBSON, <br> (5)   APRIL MURRAY, and <br> (6)   EDDIE GIBSON | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**JOINT STATUS REPORT AND DISCOVERY PLAN**

Date of Conference:       May 8, 2012

Appearing for Plaintiff:   Erin K. Dailey

Appearing for Defendant:  Mark S. Cooper for Joyce Gibson, April Murray and Eddie Gibson

**Jury Trial Demanded ☐  -  Non-Jury Trial X**

1. **BRIEF PRELIMINARY STATEMENT**. Metropolitan Life has interplead life insurance proceeds totaling the sum of $111,000.00. The proceeds are from an ERISA life insurance policy which John Zondor purchased on the life his spouse, Crystal Rachell Zondor, and which named John Zondor as beneficiary. Crystal Zondor was murdered on May 17, 2011, and John Zondor has not been ruled out as a suspect.

2. **JURISDICTION**. 29 U.S.C. §1132(e)(1), 28 U.S.C. §1331 and 29 U.S.C. §1000, et.seq.

3. **STIPULATED FACTS**.

   1. John Zondor is an employee of Dell, Inc. ("Dell") and a participant in the Dell Inc. Comprehensive Welfare Benefits Plan (the "Plan"), an ERISA-regulated employee welfare benefit plan sponsored by Dell, Inc., and funded by a group life insurance policy issued by MetLife. Crystal Rachell Zondor, as the spouse and dependent of John Zondor, was insured under the Plan in the amount of $111,000 (the "Plan Benefits")., through his employment with Dell, purchased a life insurance policy on his spouse, Crystal Rachell Zondor, in the amount of $111,000.00.

   2. Under the terms of the Plan, John Zondor, as the spouse of Crystal Zondor, was the beneficiary of Plan Benefits.

   3. Crystal Zondor died on May 17, 2011. According to her death certificate, the manner of death was "homicide".

   4. To the parties' knowledge, Oklahoma City homicide detectives have not cleared John Zondor of any wrongdoing in connection with his wife's death.

   5. Joyce Gibson, April Murray and Eddie Gibson are the surviving family members of Crystal Zondor.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

   a. <u>Plaintiff</u>: Because of the actual and potential adverse claims to the Plan Benefits, and the fact that MetLife cannot reasonably determine which of the defendants may be entitled to them, MetLife has moved to interplead the Plan Benefits, plus any applicable interest, into the Court's registry and to abide by the Court's determination as to who may be entitled to all or part of the Plan Benefits. Upon Order of the Court, MetLife will deposit the Plan Benefits, plus any applicable interest, into the Court's registry. MetLife is a mere stakeholder as to the Plan Benefits that are to be deposited with the Court. Therefore, MetLife, Dell and the Plan are entitled to be discharged and dismissed with prejudice from this action and from all liability as to any claims by the defendants to this action. In addition, the defendants should be permanently enjoined and restrained from asserting any claims in any court relating to the Plan Benefits.

        MetLife has conferred in good faith with counsel for Defendants Joyce Gibson, April Murray and Eddie Gibson, who are the only parties who have filed Answers, and with counsel for John Zondor, and has been advised that they do not oppose the relief sought by MetLife.

    b.   <u>Defendants Gibson, Murray and Gibson</u>: Assert entitlement to life insurance proceeds since John Zondor is in default; they further claim entitlement to the insurance policy proceeds since it is believed John Zondor was involved in the murder of Crystal Rachell Zondor; Joyce Gibson, April Murray and Eddie Gibson, request that the Court determine John Zondor is not qualified to accept the life insurance proceeds and that the money instead be distributed in equal shares to each of them.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.

Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?

      ☐ Yes    X No

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

    Pending:    Unopposed Motion of Met Life to Interplead Funds filed on 4/10/12

    Anticipated:    Motion for Default Judgment against John Zondor and McMahan's Funeral Home

               Motion for Summary Judgment upon conclusion of murder investigation if Default Judgment not entered

7. **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?  ☐ Yes  X No

If "no," by what date will they be made? Upon conclusion of murder investigation by OKC Police Department

8. **PLAN FOR DISCOVERY**.

    A.    The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on 4/23/12.

    B.    The parties anticipate that discovery should be completed within 12 months provided the murder investigation is completed by that time. MetLife seeks to be discharged from this matter upon payment of the Plan Benefits into Court. Defendants do not oppose this relief.

    C.    In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? 6 months.

    D.    Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

        X Yes     ☐ No

    E.    Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

        X Yes     No

        To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

        _____

    F.    Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.
        __N/A_____
        ____
        _____

9. **ESTIMATED TRIAL TIME**: 2 Days

10. **BIFURCATION REQUESTED**:  ☐ Yes    X No

11. **POSSIBILITY OF SETTLEMENT**:  ☐ Good    X Fair    ☐ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

    A. Compliance with LCvR 16.1(a)(1) - ADR discussion:  X Yes    ☐ No

    B. The parties request that this case be referred to the following ADR process:

    ☐ Court-Ordered Mediation subject to LCvR 16.3
    ☐ Judicial Settlement Conference
    ☐ Other _____
    X None - the parties do not request ADR at this time.

13. Parties consent to trial by Magistrate Judge?  X Yes    ☐ No

14. Type of Scheduling Order Requested.  ☐ Standard  - X Specialized.

    A specialized Scheduling Order would be beneficial since the competing claims to the interplead funds cannot be resolved until completion of the murder investigation by the OKC Police Department.

Submitted this 27th day of April, 2012.

_____/S/ Erin K. Dailey_____
Lisa T. Silverstri, OBA #19239
Erin K. Dailey, OBA #20189
GABLEGOTWALS
100 West Fifth Street, Suite 1100
Tulsa, OK 74103-4217
(918) 595-4800 Telephone
(918) 595-4990 Facsimile

COUNSEL FOR PLAINTIFF METROPOLITAN LIFE INSURANCE COMPAY

**LAW OFFICES OF MARK S. COOPER, P.C.**

_____/s/ Mark S. Cooper_____
MARK S. COOPER, OBA# 12614
225 N. Peters Suite 8
Norman, Oklahoma 73069
(405) 292-7600 Telephone
(405) 366-7657 Facsimile
cooperlaw@coxinet.net

COUNSEL FOR DEFENDANTS JOYCE GIBSON, APRIL MURRAY AND EDDIE GIBSON